**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LARRY LEE ADAIR, Esquire, <br><br> Defendant - Appellant. | No. 12-36033 <br><br> D.C. No. 2:10-cv-00955-RAJ <br><br> ORDER* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 2, 2013**
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

The Securities and Exchange Commission (SEC) brought a civil enforcement action against Larry Lee Adair and five other individuals for perpetrating a $300 million Ponzi scheme in violation of federal securities laws. Adair and the SEC entered into a partial settlement in which Adair, an attorney, agreed that the district court would determine the amount of disgorgement and civil penalties and that Adair would waive the right to appeal the district court's final judgment. The district court entered final judgment on October 30, 2012, holding Adair liable for disgorgement of $3,360,937 in profits, together with prejudgment interest in the amount of $926,756.32, and a civil penalty in the amount of $1,166,340. Adair nonetheless appeals the entry of that final judgment, alleging that the district court abused its discretion by ordering disgorgement in the amount of $3.36 million.

The partial settlement agreement executed by Adair contained an express waiver of the right to appeal the district court's disgorgement order: "Adair waives the right, if any, . . . to appeal from the entry of the Final Judgment." The record shows that Adair's waiver of his appellate rights was knowing and voluntary. There is no evidence that Adair, an attorney, was coerced by the SEC into signing the agreement. Because the partial settlement agreement is valid, Adair is bound by its terms, and we dismiss the appeal. *See United States v. Harris*, 628 F.3d

1203, 1205 (9th Cir. 2011) ("Where an appeal raises issues encompassed by a valid, enforceable appellate waiver, the appeal generally must be dismissed.").

**DISMISSED.  Each party shall bear its own costs on appeal.**